4 F.3d 995
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven TAKOR and Simon Onwe, Defendants-Appellants.
 Nos. 92-2238, 92-2254 and 92-2255.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1993.
 
 Before: KENNEDY and RYAN, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants-Appellants, Steven Takor and Simon Onwe, have appealed the denial of their motions to withdraw their guilty pleas. Takor has also appealed the denial of his motion to suppress. On September 13, 1991, defendants were indicted for conspiracy to possess with intent to distribute heroin and conspiracy to distribute heroin in violation of 21 U.S.C. Sec. 846 and 21 U.S.C. Sec. 841(a)(1). On February 4, 1992, after a hearing, Takor's motion to suppress was denied. On February 12, 1992, the third day of the jury trial, the defendants entered guilty pleas pursuant to Rule 11 plea agreements that provided for a maximum term of imprisonment of 87 months for Onwe and a maximum term of 78 months for Takor. Takor entered a conditional guilty plea, reserving the right to appeal the denial of his motion to suppress. Prior to sentencing, defendants moved to withdraw their guilty pleas. The district court conducted separate hearings on each defendant's motion to withdraw his guilty plea, denying Onwe's motion on July 20, 1992, and Takor's motion on August 17, 1992. On September 22, 1992, defendants were both sentenced to 78-month terms of imprisonment. Timely notices of appeal were filed.
 
 
 2
 In their motions to withdraw their guilty pleas, both defendants charged that their pleas had resulted from undue influence and coercion by their respective attorney. Specifically, defendant Onwe related that although he had refused several tendered plea proposals from the government, his counsel nevertheless had continued the plea bargaining. In his motion, Onwe argued that he had ultimately approved the plea agreement only because his attorney had represented to him that he had spoken with the judge and that the "court was advising that defendant take a plea." J.App. at 66.[1] Onwe further alleged that his counsel had urged him to plead guilty or "the court would throw the book at him" because there was "[n]o way [defendant] c[ould] win." Id. Defendant Takor asserted that he had ultimately acceded to the plea agreement after discussions with his attorney, Onwe and Onwe's counsel. At the hearing on the motion to withdraw his guilty plea, Takor testified that Onwe and Onwe's attorney had informed him about the alleged discussion with the trial court and the court's alleged admonition to accept the plea agreement.
 
 
 3
 In rejecting defendants' motions, the district court concluded that defendants had freely and voluntarily pleaded guilty. The court noted that although neither man was an American citizen, they had both lived in the United States for some time. Further, both defendants spoke fluent English and were well-educated. Thus, the court found that defendants were capable of understanding the consequences of pleading guilty. Moreover, the court discredited the defendants' testimony concerning the asserted coercion by their lawyers and the court, stating that "[t]his Court cannot help but feel that this Court has been subjected to manipulative efforts on the part of the two defendants ... sometime after they entered the plea of guilty to come up with a system whereby they might both withdraw their plea." J.App. at 428.
 
 
 4
 A motion to withdraw a guilty plea is governed by FED.R.CRIM.P. 32(d) which allows for withdrawal of a plea upon a showing of "any fair and just reason." The denial of a motion to withdraw a guilty plea is a decision committed to the discretion of the district court which this court will overturn only upon proof of an abuse of that discretion. United States v. Spencer, 836 F.2d 236 (6th Cir.1987). Defendant bears the burden of showing a fair and just reason for withdrawal of the plea. Spencer, 836 F.2d at 240. The factors to be considered in evaluating whether a defendant has met his or her burden under Rule 32 include:
 
 
 5
 (1) whether the movant asserted a defense or whether he has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he has admitted his guilt; and (5) potential prejudice to the government if the motion to withdraw is granted.
 
 
 6
 United States v. Goldberg, 862 F.2d 101, 103-4 (6th Cir.1988).
 
 
 7
 In light of the Goldberg criteria, it is clear that defendant Onwe has not met his burden of proving the existence of a fair and just reason for withdrawal of his plea. He has not been consistent in maintaining his innocence. After entering his guilty plea, defendant explained at length his involvement in the heroin conspiracy. He has completely failed to explain the more than three-month delay between the entry of his guilty plea and his motion to withdraw. Moreover, the record disclosed that the district court had been exceedingly careful in determining that Onwe's guilty plea was his voluntary act. Finally, he has failed to demonstrate that the government would not be prejudiced if he were permitted to withdraw his guilty plea in light of the government's assertion that it would be difficult to reassemble all of its witnesses for a new trial.
 
 
 8
 The crux of Onwe's argument is that he was coerced into entering a plea of guilty by his attorney and the government counsel. He asserts that he believed that the trial judge had recommended that he plead guilty. Needless to say, the allegation of judicial participation in plea negotiations is a serious one. In United States v. Barrett, 982 F.2d 193 (6th Cir.1992), this circuit concluded that a defendant's guilty plea had to be vacated because the trial court had organized and participated in a telephone conference where plea negotiations occurred. The instant case is factually and legally different from Barrett. Onwe's attorney testified that he never spoke with the judge about a guilty plea as alleged, but rather that his comments to defendant were given as a legal evaluation predicated upon his experience. Moreover, during the hearing on the motion to withdraw, the trial court specifically stated that he had conducted no ex parte communications with Onwe's counsel concerning a guilty plea. In Barrett, the court not only acknowledged participating in the telephone conference, he recorded it to preserve the record. Onwe's allegations that he was coerced into pleading guilty by his attorney and the judge are without factual support. Accordingly, this court concludes that the district court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.
 
 
 9
 Defendant Onwe's other assignments of error have been considered and have been found to be without merit.
 
 
 10
 Takor's assignment of error is similar to that of his co-defendant. He argued that his attorney, his co-defendant's attorney and his co-defendant had coerced him into pleading guilty by convincing him that the trial judge had recommended a guilty plea. He also contended that his attorney had coerced him into pleading guilty by telling him he would be treated leniently. Finally, he asserted that he had not been given an adequate time period in which to consider his guilty plea. These arguments are without merit. Takor's charge that he was told about a meeting between the judge and Onwe's attorney is totally without evidentiary support. The attorney testified that no meeting between him and the judge occurred. Furthermore, neither Onwe nor Takor's attorney testified to corroborate Takor's assertion. Finally, Takor's assertion that he did not have sufficient time to consider his plea is belied by the record. Before accepting Takor's guilty plea, the trial court specifically inquired if Takor required more time to consider the plea and he responded in the negative.
 
 
 11
 Takor has failed to meet his burden under the Goldberg criteria. Like his co-defendant, Onwe, he has not been consistent in maintaining his innocence, but rather has confessed his guilt and explained his involvement in the conspiracy after entering his guilty plea. Moreover, the first evidence of his intent to withdraw his plea was a letter received by the district court on April 13, 1992, two months after the entry of his guilty plea. His actual motion to withdraw was not filed until July 7, 1992. As in Onwe's case, the district court implemented the appropriate legal requirements inherent to a valid plea of guilty. Also, Takor has not rebutted the government's assertion that it would be unduly prejudiced by the withdrawal of his plea. The district court did not abuse its discretion in denying Takor's motion to withdraw his guilty plea.
 
 
 12
 Takor has also challenged the district court's denial of his motion to suppress physical evidence and his statements following a warrantless search of his residence. Defendant disclaims voluntary consent to the warrantless search and seeks suppression of the evidence and statements that resulted from that search. Voluntary consent for a search is a question of fact that this court reviews under a clearly erroneous standard. United States v. Blakeney, 942 F.2d 1001 (6th Cir.1991). After hearing testimony from officers conducting the search, the district court concluded that Takor had indeed consented. Hence, the district court denied the motion to suppress.
 
 
 13
 The government has carried its burden of proving by clear and convincing evidence that Takor voluntarily consented to the search of his apartment. United States v. Garcia, 866 F.2d 147 (6th Cir.1989). Defendant's testimony to the contrary did not automatically undercut the government's evidence which the defendant seems to imply in his brief, but rather required a credibility determination on the part of the district court. The district court's decision to credit the government's witnesses and discredit Takor's testimony was not clearly erroneous. Because the district court's determination that Takor voluntarily consented to the search of his apartment was not clearly erroneous, defendant's final assignment of error fails.
 
 
 14
 For the reasons stated, the district court's denial of defendants' motions to withdraw their guilty pleas and its denial of defendant Takor's motion to suppress evidence is hereby AFFIRMED.
 
 
 
 [1]
 Onwe also presented a letter signed by his attorney indicating that he had indeed spoken to the trial court judge concerning a guilty plea. During his testimony at the hearing on the motion to withdraw Onwe's guilty plea, however, Onwe's attorney explained that his secretary had drafted the letter and signed his name to it without his knowledge. He further testified that his discussions with Onwe about the judge were simply legal evaluations of what the probable outcome of a trial would be and were not meant to be an expression of actual knowledge of the district court's intentions