9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny M. DECKER, Defendant-Appellant.
 No. 91-4141.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1993.
 
 Before: MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a sentence of imprisonment imposed after the defendant pleaded guilty to drug and money laundering charges in accordance with a plea agreement. The defendant contends--and the government agrees--that a breach of the agreement occurred when the government recommended a smaller downward departure from the "guideline sentence" than that called for in the agreement. For this and other reasons the government concedes that the case must be remanded. Finding the concession appropriate, we shall order a remand.
 
 
 2
 The defendant also contends that he should be allowed to withdraw his plea for reasons unrelated to the breach of the plea agreement. We shall not reach this question, the defendant having elected to appeal from the sentence only and not from the conviction.
 
 
 3
 * Early in 1991 federal agents executed a search warrant at the home of the defendant, Johnny M. Decker, and seized two kilograms of cocaine. Mr. Decker was subsequently indicted on multiple charges.
 
 
 4
 Decker ultimately entered into a plea agreement with the government pursuant to Rule 11(e)(1)(B), Fed.R.Crim.P. The agreement provided, among other things, that Mr. Decker would plead guilty to one count of conspiracy to distribute cocaine and one count of money laundering, and the government promised to recommend "a downward departure of 30% from the guideline sentence...."
 
 
 5
 At a hearing in which the guilty plea was accepted, the district court advised Mr. Decker that the court was not bound by the government's recommendation and could impose a different sentence. The court failed to advise the defendant that he could not withdraw his guilty plea if the court decided not to follow the recommendation.
 
 
 6
 A probation officer prepared a presentence report recommending that Mr. Decker's offense level be increased by two levels for his role in the offense, see U.S.S.G. Sec. 3B1.1, and that it be further increased by two levels under the firearm enhancement provision of the guidelines, U.S.S.G. Sec. 2D1.1(b)(1). Mr. Decker objected to these recommendations and objected to several proposed factual findings contained in the report.
 
 
 7
 The district court overruled all objections, but the only factual findings it made were those proposed by the probation officer in connection with the firearm and role-in-the-offense enhancements. The government moved for a 25 percent downward departure, rather than the 30 percent departure agreed to, and the court sentenced Decker to imprisonment for 127 months.[1] Mr. Decker then filed a notice of appeal in which he said that he "appeal[ed] to the United States Court of Appeals for the Sixth District [sic] from the sentence only (18 U.S.C. Section 3742)." (Emphasis supplied.)
 
 II
 
 8
 Mr. Decker contends first that the district court did not fully inform him of the consequences of his guilty plea and that he is therefore entitled to withdraw the plea. Had he wished to preserve this issue for appeal, however, Mr. Decker should have appealed from the judgment of conviction and not from the sentence only.
 
 
 9
 Rule 3(c) of the Federal Rules of Appellate Procedure requires that "[t]he notice of appeal ... designate the judgment, order or part thereof appealed from." Where a notice of appeal specifies a particular order or judgment and omits a different one, only issues related to the specified order or judgment may be raised on appeal. Caldwell v. Moore, 968 F.2d 595, 598 (6th Cir.1992); Wilson v. Firestone Tire Rubber Co., 932 F.2d 510 (6th Cir.1991). "An appellant waives any appeal to a portion of a judgment not mentioned in his notice of appeal if he chooses to 'designate specific determinations in his notice.' " United States v. Pickett, 941 F.2d 411, 415 n. 3 (6th Cir.1991) (quoting McLaurin v. Fischer, 768 F.2d 98, 102 (6th Cir.1985)).
 
 
 10
 It is true that "courts have consistently stated that failure to mention or misidentification of the ruling being appealed from does not destroy appellate jurisdiction as long as the intent to appeal is apparent and the appellee suffers no prejudice." United States v. Willis, 804 F.2d 961, 963 (6th Cir.1986) (citations omitted). We have permitted the appeal of matters not clearly included in an ambiguous notice of appeal where, as here, the appellee has not raised the jurisdictional question, has fully briefed the appellant's contentions, and has claimed no prejudice from errors in the notice. United States v. Pickett, 941 F.2d at 415 n. 3; Taylor v. United States, 848 F.2d 715, 717-18 (6th Cir.1988).
 
 
 11
 In the case at bar, however, the notice of appeal is not ambiguous. It specifically cites 18 U.S.C. Sec. 3742, which permits appeals of sentences, and it states that Mr. Decker appeals from the sentence "only." The notice thus clearly disclaims any intent to appeal from the conviction. We may not "disregard the plain requirements of the rule and read into the notice something that is not there." Averitt v. Southland Motor Inn, 720 F.2d 1178, 1180-81 (10th Cir.1983). By the same token, we may not read out of the notice limiting language that clearly is there.
 
 III
 
 12
 The government admits that it violated the plea agreement when it recommended a departure of only 25 percent. One of two remedies is available for breach of a plea agreement. The defendant may be permitted to withdraw his plea, or he may be granted specific performance of the agreement (i.e., resentencing under the terms of the agreement). Santobello v. New York, 404 U.S. 257, 262-63 (1971); United States v. Mandell, 905 F.2d 970, 973 (6th Cir.1990). It is for the district court to decide which alternative is appropriate. Santobello, 404 U.S. at 262-63.
 
 
 13
 Relying on Santobello, Mr. Decker contends that he is entitled to be resentenced by a different judge if the plea is not withdrawn. We do not find the contention persuasive.
 
 
 14
 The plea agreement in Santobello provided that the state would make no recommendation as to the sentence. At the sentencing hearing, however, the state recommended imposition of the maximum sentence permitted by law--and in making this recommendation, the state cited the defendant's criminal record and alleged links with organized crime. Id. at 259. The court imposed the maximum sentence. Id. at 260. The United States Supreme Court remanded the case to the state court for a determination of the relief to be granted in view of the breach of the plea agreement. Were it to be concluded that specific performance of the agreement was appropriate, the Supreme Court observed without elaboration, "petitioner should be resentenced by a different judge...." Id. at 263.
 
 
 15
 Mr. Decker reads Santobello as imposing an ironclad rule that a different judge must preside whenever a defendant is resentenced following the breach of a plea agreement. We see no reason to read the decision that broadly. Unlike the prosecutor in Santobello, the prosecutor in the case at bar did not give the court damaging information in a context not contemplated by the plea agreement. Neither did the prosecutor recommend the maximum sentence allowed by law; on the contrary, he proposed a substantial reduction. He recommended a somewhat smaller reduction than he ought to have done, to be sure, but we do not believe that this mistake--unlike the mistake made by the prosecutor in Santobello--entailed any risk of improper influence on the sentencing judge.
 
 
 16
 In United States v. Barrett, 982 F.2d 193 (6th Cir.1992), the sentencing judge tried to encourage the parties to negotiate a plea agreement despite the flat prohibition on judicial participation in plea bargaining contained in Rule 11(e)(1), Fed.R.Crim.P. We held that the defendant was entitled to resentencing before a different judge, noting that "[e]ven if the District Judge can put aside knowledge about the defendant and provide a fair hearing, the judge cannot remove the doubt from the defendant's mind caused by his statements in this case." Id. at 196. No such considerations are present in the case at bar. Here the court did not participate improperly in any plea negotiations, and we see no reason at all to require that Mr. Decker be sentenced by a different judge.
 
 IV
 
 17
 When a defendant disputes findings in a presentence report, Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure requires the district court to make findings as to each disputed matter or to make a determination that no finding is necessary because the disputed matter will not be considered in sentencing. Mr. Decker raised eight separate objections to the presentence report. At the sentencing hearing the district judge made the following statement:
 
 
 18
 "The Court has been advised by the defendant of alleged factual inaccuracies in the presentence investigation report, particularly paragraphs 72 and 73 in that report.
 
 
 19
 The Court determines that the objections in both instances should be and they hereby are overruled and that the findings in paragraphs 72 and 73 are appropriate." (Emphasis added.)
 
 
 20
 This satisfied the requirement of Rule 32 with regard to paragraphs 72 and 73, but, as the government properly acknowledges, it did not meet the requirement as far as the objections to other paragraphs were concerned. If there is a resentencing, we are confident that the deficiency will be corrected.
 
 
 21
 The sentence is VACATED, and the case is REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States Senior Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The guideline sentence range, as calculated by the probation officer and approved by the court, was 151-188 months. The sentence imposed represented a 25 percent reduction from the midpoint of that range. A 30 percent reduction would have resulted in a sentence of slightly under 119 months--eight months less than the sentence Mr. Decker received