62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Junior Tivis JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1554.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1995.
 
 Before: JONES and NORRIS, Circuit Judges; DOWD, District Judge.*
 PER CURIAM.
 
 OPINION
 
 1
 Junior Tivis Johnson appeals from the district court's denial of his motion, filed pursuant to 28 U.S.C. Sec. 2255, to vacate or set aside his convictions for drug-related offenses. Specifically, he contends that he received constitutionally ineffective assistance of counsel. For the reasons set out below, we affirm the district court's conclusion that Johnson failed to establish that he received ineffective assistance of counsel during his trial, but remand the cause to the district court for further factfinding regarding the assistance of counsel at his sentencing proceedings.
 
 
 2
 The events that led to Johnson's prosecution are fully set out in a previous opinion of this court, United States v. Johnson, No. 92-1839, slip op. (6th Cir. Apr. 9, 1993) (per curiam), and we will not recount them here. Although Johnson initially negotiated a guilty plea with the government, he elected to go to trial after the district court refused to accept all of its provisions, which included a reduced sentence for acceptance of responsibility. During his subsequent trial, defense counsel failed to call any witnesses despite explicit instructions from Johnson to the contrary. The jury convicted Johnson on all counts.
 
 
 3
 The district court declined to hold an evidentiary hearing on Johnson's Sec. 2255 motion. Furthermore, in denying the motion, the court relied exclusively upon the "reasons well-stated in the government's brief and fully supported by the record."
 
 
 4
 We turn first to defense counsel's failure to call any of the witnesses requested by his client. In reviewing ineffective assistance of counsel claims, this court "appl[ies] a heavy measure of deference to counsel's judgments." Strickland v. Washington, 466 U.S. 668, 691 (1984). Such deference has its limits, however. We have previously held that failure by counsel to either investigate or interview promising witnesses constitutes negligence, not trial strategy. Workman v. Tate, 957 F.2d 1339, 1345 (6th Cir. 1992); accord Blackburn v. Foltz, 828 F.2d 1177, 1183 (6th Cir. 1987) (lawyer who had "for no apparent reason failed to investigate a known and potentially important alibi witness" had failed to provide effective assistance), cert. denied, 485 U.S. 970 (1988).
 
 
 5
 The scant record before us on appeal provides nothing to suggest that trial counsel fulfilled his duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. Accordingly, Johnson may well be correct when he contends that counsel's performance was constitutionally deficient. Id. at 687.
 
 
 6
 That conclusion does not end our inquiry, of course. To prevail, Johnson must also show that this deficient performance prejudiced his defense. Id. At the sentencing hearing, counsel for Johnson represented that his client elected to go to trial not to deny his guilt, which he acknowledged, but to "contest his role in the offense."[1] On this appeal, Johnson argues only that his trial counsel failed to call witnesses "whose testimony would have substantially minimized his attributed role." Although he asserts, in conclusory fashion, that counsel's deficient performance resulted in his convictions, he fails to point to anything counsel could have done that might have affected the jury's verdict. Moreover, the government presented overwhelming evidence of Johnson's guilt. Thus, any prejudice that might be attributed to ineffective assistance of counsel does not affect the integrity of the four guilty verdicts returned by the jury. Rather, any potentially adverse impact stemming from counsel's failure to call the witnesses requested by Johnson is limited to the district court's sentencing calculus. It follows, then, that Johnson cannot demonstrate prejudice resulting from counsel's representation leading up to his convictions.
 
 
 7
 However, it does not follow that Johnson received effective assistance of counsel at the sentencing stage. While a preliminary review of the materials submitted in support of Johnson's motion to vacate reveals them to be of questionable value, the absence of a reasoned district court order, coupled with an undeveloped record, counsels us to exercise caution. We therefore remand the cause to the district court with instructions to afford Johnson an opportunity to develop a record concerning his counsel's performance and its impact upon the district court's assessment of his role in the offense when his sentence was calculated.
 
 
 8
 Although Johnson also contends that his convictions were tainted by the district court's impermissible participation in the negotiation of a plea agreement, the argument is without merit. While Federal Rule of Criminal Procedure 11(e)(1) states that the district court "shall not participate in any [plea] discussions," we have previously cited the Advisory Committee Notes for the proposition that a judge may participate in discussions that occur after the plea has been disclosed in open court. United States v. Barrett, 982 F.2d 193, 195-96 (6th Cir. 1992). The record reveals that this is precisely what happened below.
 
 
 9
 For the foregoing reasons, the order of the district court is affirmed in part and reversed in part and this cause remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 The trial court enhanced Johnson's sentence for his role as an organizer of the offense and rejected a request for a downward adjustment based upon acceptance of responsibility