**Luis ALVAREZ, Petitioner–Appellant,**

v.

**Dennis STRAUB; Frank J. Kelly, Respondents–Appellees.**

No. 00–1738.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.*

Luis Alvarez, a pro se Michigan prisoner, appeals a district court order and judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Alvarez pled guilty to possession of between 225 and 650 grams of cocaine and was sentenced on April 23, 1984, to a mandatory sentence of 20–30 years. The Michigan Court of Appeals affirmed his conviction and sentence on May 30, 1985, and the Michigan Supreme Court denied leave to appeal. Alvarez subsequently filed three petitions for post-conviction relief, all of which were denied following evidentiary hearings.

In his federal habeas petition, Alvarez presented five grounds for relief: (1) the trial court failed to comply with MCR 6.508(E) and issue findings of fact and conclusions of law in his post-conviction actions; (2) his guilty plea was involuntary because it was coerced by the trial court's pre-plea ultimatum of granting an appeal bond only if he pled guilty; (3) counsel rendered ineffective assistance by erroneously advising him that the trial court would grant an appeal bond if he pled guilty but not if he went to trial, and because his advice that all Fourth Amendment claims had been litigated pre-plea and would be raised on appeal was erroneous where counsel failed to present a suppression motion under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); (4) the trial court erroneously relied upon an updated Holmes Youthful Trainee report instead of an updated presentence report in imposing sentence; and (5) his mandatory 20–year minimum sentence violates the Equal Protection Clause in light of *People v. Bullock*, 440 Mich. 15, 485 N.W.2d 866 (Mich.1992).

The district court adopted the magistrate judge's initial recommendation that Alvarez's *Bullock* claim be dismissed for procedural default, and required the respondent to answer the remaining grounds for relief. In a report filed on May 9, 2000, the magistrate judge recommended that Alvarez's petition be dismissed in its entirety. The district court overruled Alvarez's objections, adopted the magistrate judge's report, and dismissed the § 2254 petition in an order and judgment filed on May 31 and entered on June 2, 2000. The district court subsequently granted a certificate of appealability as to the sole claim of judicial coercion of Alvarez's guilty plea.

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

This court denied Alvarez's application for a certificate of appealability as to his remaining grounds for relief.

On appeal, Alvarez continues to argue that his guilty plea was involuntary because the trial court coerced his plea by conditioning its grant of an appeal bond upon a guilty plea.

■ Upon review, we affirm the district court's judgment because there is no evidence that the trial court coerced Alvarez into pleading guilty. This court reviews *de novo* a district court's disposition of a habeas corpus petition. *Doan v. Brigano,* 237 F.3d 722, 729 (6th Cir.2001). Pursuant to § 2254, relief may not be granted with respect to any claim adjudicated on the merits in state court unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *accord Doan,* 237 F.3d at 729.

■ A guilty plea is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A guilty plea may be involuntary where it is induced by threats, misrepresentation, or promises "that are by their nature improper." *Mabry v. Johnson,* 467 U.S. 504, 509, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). The Federal Rules of Criminal Procedure prohibit judicial participation in plea negotiations in the case of federal defendants because the "judge's partic-ipation in plea negotiation is inherently coercive." *United States v. Barrett,* 982 F.2d 193, 194 (6th Cir.1992); *see also Frank v. Blackburn,* 646 F.2d 873, 880 (5th Cir.1980); Fed.R.Crim.P. 11(e)(1). However, because it is not a constitutional rule, "Rule 11's unqualified prohibition of judicial involvement in plea bargaining will not necessarily invalidate every instance of judicial participation in the negotiation of a guilty plea in state court." *Frank,* 646 F.2d at 880. Thus, "a federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review." *Id.* at 882; *accord Miles v. Dorsey,* 61 F.3d 1459, 1467 (10th Cir. 1995).

In this case, there is absolutely no support in the record for Alvarez's assertion that he was coerced into pleading guilty. The trial judge did not raise the subject of bond or threaten to withhold it if Alvarez did not plead guilty. Instead, he responded in the affirmative to defense counsel's question as to whether Alvarez could remain free on bond pending appeal if he pleaded guilty. This does not even come close to coercion or a denial of due process. Alvarez does not claim that he did not understand the charges, the rights he was waiving, or the possible sentence he faced by pleading guilty. His plea was not involuntary and Alvarez is not entitled to habeas corpus relief.

Accordingly, the district court's judgment, entered on June 2, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.