**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Deshawn BOOTH, Defendant–**
**Appellant.**

No. 01–2576.

United States Court of Appeals,
Sixth Circuit.

Dec. 16, 2002.

Before MARTIN, Chief Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.*

## ORDER

This is a direct appeal from a criminal judgment and commitment order in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, a federal grand jury named DeShawn Booth in five counts of an indictment in connection with cocaine and firearms possession. Booth eventually agreed into a plea agreement, and the district court found Booth guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and of distributing crack cocaine, in violation of 21 U.S.C. § 841. The court sentenced Booth to a total of sixty months imprisonment (concurrent thirty-seven and sixty month terms) and a four year period of supervised release. This appeal followed.

Counsel for Booth filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Booth was served with this motion and a copy of the brief and was invited to respond, although he has not done so.

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

Booth and the government initially entered into a plea agreement in which Booth would plead guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g), the government would move to dismiss the remaining counts and Booths's sentencing exposure would be "capped" at thirty-seven months. The district court engaged in a complete Rule 11 colloquy with Booth and all counsel at an initial hearing and eventually accepted Booth's plea while taking the agreement "under advisement" pending completion of a pre-sentence report.

At some time after the completion of the pre-sentencing report, but before a full meeting with all parties, the district court notified the United States Attorney ex parte that the agreement was not acceptable. This discussion was not recorded and is not a part of the present record. This rejection apparently lead the United States to offer a new agreement to Booth. The new agreement did not include an offer to recommend a reduction in Booth's base offense level under USSG § 5K1.1, as was included in the initial agreement, even though the parties agree that Booth had, in fact, cooperated as promised subsequent to the initial plea hearing. In response, Booth's counsel moved for permission to withdraw representation and the district court conducted a hearing on that motion.

The court immediately related to the parties the substance of its discussions with the United States Attorney and its reasons for rejecting the plea agreement. The court explained on the record that it had reviewed the pre-sentence report and felt that, in the interest of justice, it would be improper to accept any agreement that did not include a plea of at least one cocaine-related count given the nature of the crimes charged and Booth's extensive criminal history. The court took pains to tell Booth that he had done nothing wrong

that it would be a mistake to assume that the court was going to ignore Booth's cooperation in any possible plea agreement. The court explored the reasons for the motion to withdraw, that is, counsel's fear that he might be called at a trial for impeachment purposes on an entrapment defense. The court then denied the motion as speculative with the understanding that if the case went to trial, the court would entertain the motion again. Finally, the court reiterated that "I wouldn't want the parties to believe anything, to take anything I have said as indicating I would not grant a 5–K–1 motion."

Booth thereafter entered into a second plea agreement. In this agreement, Booth agreed to plea to the felon/firearm count and one cocaine distribution charge. The parties agreed that Booth's sentencing exposure would be limited to seventy months with a recommendation of forty to sixty months by the United States. The district court reviewed the terms of the second agreement with the parties in open court, Booth waived a second Rule 11 colloquy and the preparation of second pre-sentence report and the court accepted the plea. The court proceeded to sentence Booth to the punishment of record (sixty months incarceration and four years supervised release) with no objections by any party.

■ The first two arguable issues presented for appellate review are that the district court may have erred in not placing its reasons for rejecting the initial plea agreement on the record and that the court may have improperly participated in the ensuing discussions and negotiations that culminated in the second plea agreement. When presented with a knowing and voluntary plea agreement, a district court's options are limited. If the agreement is of the type specified in Criminal Rule 11(e)(1)(A) or (C), the court may ac-

cept or reject the agreement, or may defer consideration of the plea agreement pending a presentence report. Fed.R.Crim.P. 11(e)(2); *United States v. Skidmore,* 998 F.2d 372, 374 (6th Cir.1993). If the court chooses to reject the plea agreement, it must "on the record, inform the parties of this fact, [and] advise the defendant personally in open court ... that the court is not bound by the plea agreement...." Fed.R.Crim.P. 11(e)(4). However, "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed. R.Crim.P. 11(h). Therefore, a guilty plea will not be disturbed on appeal because of the district court's failure to comply with Rule 11 unless the non-compliance affected the substantial rights of the defendant. *United States v. Stead,* 746 F.2d 355, 356 (6th Cir.1984). Under no circumstances may the court participate in the negotiation of the plea agreement. Fed. R.Crim.P. 11(e)(1); *United States v. Barrett,* 982 F.2d 193, 195 (6th Cir.1992). In *Barrett,* a panel of this court noted that a district court's participation in the plea process is inherently coercive, such as where the district court attempts to facilitate a plea or to state the court's desire for a plea agreement. A subsequent panel of this court decided that a district court had not improperly engaged in plea negotiations by referring to the fact that the parties failed to reach an agreement while in the presence of the district court, as well as the court's "consistent refusal to commit to a sentence" in the parties' presence. *United States v. Markin,* 263 F.3d 491, 498 (6th Cir.2001).

In the case at bar, there is no dispute concerning the district court's reasons for its rejection of the initial agreement; the court felt that the government had made Booth an offer that was simply too generous under all the facts of the case. The court subsequently placed these reasons on the record and went to pains to explain to Booth and his counsel that the court had no quarrel with them or their role in reaching this first agreement. When Booth's counsel expressed reservations over the precarious position this left Booth, the court practically guaranteed him that his client would suffer no ill effects beyond what the court contemplated, namely, that the interests of society and Booth be served by the addition of a plea to one cocaine charge. The parties did not reach a final agreement in the presence of the court and the court did not commit to a firm sentence at this meeting. While irregular, it would not appear that Booth suffered any substantial impairment of his rights and, indeed, he is not complaining of any such impairment in this appeal. The first two arguable errors lack merit.

■ Counsel also questions whether the district court established a proper factual basis for the plea as required by Criminal Rule 11(f). Criminal Rule 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Although "Rule 11(f) does not provide any guidance concerning the steps a district court should take to ensure that a factual basis exists," *United States v. Baez,* 87 F.3d 805, 809 (6th Cir.1996), "the need to have some factual basis [is] subject to no exceptions." *United States v. Tunning,* 69 F.3d 107, 111 (6th Cir.1995) (internal quotation marks and citation omitted).

A review of the record shows that Booth admitted to being a convicted felon who possessed a specific semi-automatic weapon on a specific date as alleged in the indictment, and he subsequently admitted to having sold approximately five grams of crack cocaine to an undercover police offi-

cer in Detroit, Michigan, on the date alleged in the indictment. These admissions square with the statutory definitions of 18 U.S.C. § 922(g) and 21 U.S.C. § 841 and satisfy Rule 11(f).

Finally, counsel suggests that the sentence may have been improperly calculated, although he concedes that no such error is apparent. Counsel's failure to register any contemporaneous objection to the calculation or imposition of the sentence of record means that the sentence is generally not appealable in the absence of a specifically identified legal error. *See United States v. Epley,* 52 F.3d 571, 580 (6th Cir.1995). No error has been identified or is apparent. This appeal lacks merit.

Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.