NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 05a0718n.06

Filed: August 17, 2005

No. 04-5754

UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,                              ON APPEAL FROM THE
                                              UNITED STATES DISTRICT

v.                                          COURT FOR THE EASTERN
                                              DISTRICT OF KENTUCKY

CHRISTOPHER RICE,

    Defendant-Appellant.

_____/

Before: BOGGS, Chief Judge; GILMAN, Circuit Judge; and CLELAND,[*] District Judge.

    CLELAND, District Judge. Christopher Rice appeals his conviction and sentence for

conspiring with others to knowingly and intentionally possess with intent to distribute, and

distributing, more than 500 grams of a mixture or substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and 846. Rice pleaded guilty to the

charges pursuant to a Rule 11 agreement. Included in his Rule 11 agreement was a waiver of his

right to appeal the conviction or sentence. Because we find Rice's appeal waiver was knowing

and voluntary, and was not trumped by a court clerk's mistaken *pro forma* announcement of a

right to appeal following his sentencing, we affirm without reviewing the substance of Rice's

---

    [*] Honorable Robert H. Cleland, United States District Judge for the Eastern District of
Michigan, sitting by designation.

remaining claims.

I.

On June 26, 2003, a federal grand jury sitting in London, Kentucky returned Pikeville

Indictment #03-CR-27, which charged, among other counts, that:

> (1) Defendants Rice, Chad Jensen, Tara Reade, and Fugate Jr. conspired "together
> and with others to knowingly and intentionally possess with intent to distribute,
> and distribute, over 500 grams of a mixture or substance containing a detectable
> amount of methamphetamine, a Schedule II controlled substance, violations of 21
> U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

(Pikeville Indictment No. 03-CR-27.)

On July 2, 2003, Defendant was arraigned on "Count 1" and the three other counts of the

Indictment (6, 7 and 8) in which he was implicated. On February 26, 2004, the district court

held a rearraignment of Defendant, during which Defendant changed his plea to guilty on Count

1 under a Rule 11 plea agreement with the Government. Pursuant to the terms of the agreement,

Defendant would plead guilty to Count 1 and agreed to waive his right to appeal or collaterally

attack his guilty plea, conviction, and sentence, including any order of restitution, in exchange

for the United States's agreement, among other things, to move the district court to dismiss

Counts 6, 7, and 8, and to recommend his release on his current bond pending future court

appearances if Defendant did not violate the terms of the order setting conditions of release. The

parties also agreed to non-binding proposed sentencing guideline calculations. All terms were

set forth clearly both in writing and orally on the record.[1] Immediately after it was proffered, the

---

[1] The final paragraph of the plea agreement states that "Defendant and . . . Defendant's
attorney acknowledge that . . . Defendant understands [the] Agreement, that . . . Defendant's
attorney has fully explained [the] Agreement to . . . Defendant, and that . . . Defendant's entry
into [the] Agreement is voluntary."

court accepted Defendant's plea of guilty to Count 1, and the government counsel moved to dismiss the other counts. More than three months later, on June 10, 2004, when Defendant's sentence had been imposed, the district court clerk erroneously informed Defendant that he had "a right to appeal [his] case to the Sixth Circuit Court of Appeals, which on proper appeal will review [the] case and determine that there has or has not been an error of law."

Defendant now appeals, raising several issues relating to his guilty plea and asserting that his waiver of his appeal rights was invalid because the district court failed to effectively review the waiver during the Rule 11 hearing, and because during his sentencing, the district court clerk stated that he did have the right to appeal.

## II.

Rice raises four arguments on appeal: (1) The district court failed to elicit a voluntary and knowing guilty plea because the court did not engage in the requisite colloquy with Defendant required by Fed. R. Civ. P. 11; (2) The district court failed to properly advise Defendant of his constitutional rights in violation of his due process rights; (3) Defendant's waiver of his right to appeal was not made voluntarily and knowingly, rendering the appeal waiver contained in Defendant's plea agreement invalid and unenforceable; and (4) Defendant's Sixth Amendment right to counsel was violated when his counsel failed to ensure that Defendant understood the nature and consequences of the plea agreement and the conspiracy charges to which Defendant pleaded guilty.

We first confront the threshold inquiry of whether Defendant has the right to bring an appeal in light of the appeal waiver contained in his plea agreement.

"Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily." *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995); *see also United States v. Randolph*, 230 F.3d 243, 250 (6th Cir. 2000).

Defendant argues that "although [his] plea agreement contained a waiver of his right to appeal, that waiver is not enforceable, since the [d]istrict [c]ourt failed to effectively review the waiver during the Rule 11 hearing, and, subsequently at sentencing, informed [Defendant] that he had the right to appeal."

During the Rule 11 hearing, the district court established on the record that Defendant could read and write, that he understood English, that Defendant was not currently taking any kind of medication, and that he had not taken any drugs or alcohol in the 24 hours prior to the hearing. The district court also established that Defendant was satisfied with the advice and representation that he received from his counsel in the case and that he had reviewed all of the provisions of the plea agreement. The court also explained to Defendant:

> [The Court]: Now in both plea agreements - - and Mr. Jensen, I believe it appears at Paragraph 9 of your plea agreement, and Mr. Rice at Paragraph 8 - - both of you have waived your right to appeal or to file a separate lawsuit attacking either your conviction or guilty plea and any lawful sentence the [c]ourt might impose. Do you understand that, Mr. Rice?
>
> [Defendant Rice]: Yes.
>
> ***
>
> [The Court]: However, you have reserved your right to appeal a sentence if this [c]ourt should make an error of law in determining the sentence. Do you understand that, Mr. Rice?
>
> [Defendant Rice]: Yes.

At Defendant's sentencing, however, the district court, through the court clerk, informed Defendant:

> [The Clerk]:  You are now notified by this [c]ourt that you have a right to appeal your case to the [Sixth] Circuit Court of Appeals, which on proper appeal will review this case and determine that there has or has not been an error of law.  If you do not have sufficient funds to pay for the appeal, you have a right to apply for leave to appeal *in forma pauperis*, which means you may appeal without paying for it.  If you are without the services of any attorney and desire to appeal and so request, the Clerk of this [c]ourt shall prepare and file forthwith notice of appeal on your behalf.  This notice of appeal must be filed within 10 days from the date of entry of this judgment.  If you do not have sufficient funds to employ an attorney, you may request appointment of counsel to prosecute the appeal for you.

> [The Court]: . . . [P]lease review the document with your counsel before signing.

Defendant argues that because this statement by the court clerk is "inconsistent with the waiver of appellate rights contained in Mr. Rice's plea agreement," it would be "entirely unfair and contrary to public policy to not allow Mr. Rice to bring to [the] [c]ourt's attention the . . . error that occurred at his guilty plea hearing and sentencing."

Defendant cites *United States v. Buchanan*, 59 F.3d 914 (9th Cir. 1996), in support of his position that the district court clerk's oral statements should control.  In *Buchanan*, the court held that a defendant's plea agreement waiver of his right to appeal his sentence was unenforceable in light of the oral pronouncement from the district court that defendant did have the right to appeal his sentence.  *Id*. at 917.  The *Buchanan* court asserted that

> the district court twice stated that Buchanan had a right to appeal his sentence. Indeed, Buchanan's answer of 'Yes, sir' to the district court's question of whether he understood that he had a right to appeal indicates Buchanan's expectation that

5

he could appeal his sentence and evinces a misunderstanding of the substance of his plea agreement.

*Id*. at 917-18.

The *Buchanan* court, noting that the government did not object to the district court's erroneous statements, *id*. at 918, concluded that the defendant "could have no reason but to believe that the court's advice on the right to appeal was correct." *Id*. The *Buchanan* court summarized:

> Litigants need to be able to trust the oral pronouncements of district court judges. Given the district court judge's clear statements at sentencing, the defendant's assertion of understanding, and the prosecution's failure to object, we hold that in these circumstances, the district court's oral pronouncement controls and the plea agreement waiver is not enforceable.

*Id*. at 918.

This Circuit, however, has "expressly decline[d] to adopt the Ninth Circuit's rule in [the case]" and instead we chose to "add [our] voice to the chorus of criticism of [*Buchanan*]." *United States v. Fleming,* 239 F.3d 761, 765 (6th Cir. 2001). In *Fleming*, we noted that "no other circuit had adopted the rule of *Buchanan*, but several have spoken on the issue." *Id*. In refusing to adopt *Buchanan*, we relied on the Fourth Circuit, which has held that "once an appeal waiver is established to be knowing and intelligent, the waiver may not be held unenforceable because of a district court's erroneous statements at a subsequent proceeding." *Id*. (citing *United States v. One Male Juvenile*, No. 96-4023, 1997 WL 381955, at * 4 (4th Cir. 1997) (unpublished)). We held that "even if the district court did recite the language of the Rule 32 notification of the right to appeal intending to modify the plea agreement to resurrect Fleming's right to appeal, the court lacked the power to make such a modification. 'Nothing in the rules even remotely

6

allows the district court to accept a guilty plea but rewrite the plea agreement, even if the modified agreement is more favorable to the defendant.'" *Id.* at 764-65 (quoting *United States v. Skidmore*, 998 F.2d 372, 375 (6th Cir. 1993)). We have stringently enforced the rule that a court may not participate in the plea agreement process. *Id. at* 765 (citing *United States v. Barrett*, 982 F.2d 193, 195 (6th Cir. 1992)). Effectively rewriting portions of the plea agreement from the bench (even from the court clerk's workspace) would fall squarely into the category of prohibited participation. *Id*. A sentencing court "cannot unilaterally restore a right to appeal that has been waived by the defendant pursuant to a valid plea agreement." *Id*. at 762.

In the instant case, Defendant knowingly and intelligently entered into the plea agreement long before the erroneous statements were made by the district court clerk, and he may not so easily avoid the consequences of the "equally binding promises." *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996). Appeals are subject to dismissal based on waiver of appeal provisions. *Fleming*, 239 F.3d at 763-64.

III.

Having determined that Rice waived his right to appeal, we do not reach the substance of the other aspects of his appeal. We AFFIRM the judgment of the district court.

7